UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Criminal No. 14-261 (JRT/BRT)

UNITED STATES OF AMERICA,

                          Plaintiff,

v.

JAMAL TALAL MUSTAFA *a/k/a Jimmy*, KANAN T. MUSTAFA *a/k/a Kenny*, NASER MOHAMAD MUSTAFA *a/k/a Nasty Nas*, EDWAN T. MUSTAFA *a/k/a Eddy*, NIZER M. MUSTAFA *a/k/a Shaggy a/k/a Mike a/k/a Nizar M. Mustafa*, BILAL MUHAMMED MUSTAFA *a/k/a Billy*, TALAL M. MUSTAFA *a/k/a Tommy*, MOISES NAVARRO-CAZALES *a/k/a Moises Navarro*, AHMED RD SUNOQROT *a/k/a Abu Hasan*, CEDERIC CHAPPELL, DEANTRE RICKEY-RENE SQUALLS, BLANYON TOE DAVIES, VICTOR TOMBEKAI DOE, YOLANDA COOMBS, CASWANA MILES, TIARA LIGON, MARQUIS TERELL MAGGIESFIELD *a/k/a Kenny*, MARCUS PHILLIP COLEMAN, ROBERT RICHARD COLEMAN, DANIELLE YVONNE COLEMAN, and ABBAS ATEIA AL HUSSAINAWEE,

                          Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING GOVERNMENT'S MOTION FOR RESTITUTION**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Criminal No. 15-32 (JRT)**

UNITED STATES OF AMERICA,

                         Plaintiff,

v.

JAMES ALLEN MRSICH *a/k/a James Allen Mrisch*,

                         Defendant.

---

    Gregory G. Brooker and Karen B. Schommer, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

    Daniel M. Scott, **KELLEY, WOLTER & SCOTT, P.A.**, 431 South Seventh Street, Suite 2530, Minneapolis, MN 55415, for defendant Naser Mohamad Mustafa.

    Sarah M. MacGillis, **MACGILLIS LAW**, 333 South Seventh Street, Suite 2350, Minneapolis, MN 55402, for defendant Edwan T. Mustafa.

    Casey T. Rundquist, **LAW OFFICES OF WILLIAM J. MAUZY**, 510 First Avenue North, Suite 610, Minneapolis, MN 55403, for defendant Bilal Muhammed Mustafa.

    James E. Ostgard, II, **OSTGARD LAW OFFICE**, P.O. Box 582536, Minneapolis, MN 55458, for defendant Cederic Chappell.

    George R. Dunn, **TILTON & DUNN, P.L.L.P.**, 101 Fifth Street East, Suite 2220, Saint Paul, MN 55101, for defendant Victor Tombekai Doe.

    Jean M. Brandl, **BRANDL LAW, LLC**, 310 Fourth Avenue South, Suite 5010, Minneapolis, MN 55415, for defendant Yolanda Coombs.

    Robert A. Lengeling, **BEITO & LENGELING, PA**, 310 Fourth Avenue South, Suite 1050, Minneapolis, MN 55415, for Caswana Miles.

Kurt B. Glaser, **SMITH & GLASER, LLC**, 333 Washington Avenue North, Suite 405, Minneapolis, MN  55401, for defendant Marquis Terell Maggiesfield.

James R. Behrenbrinker, **BEHRENBRINKER LAW FIRM**, 412 South Fourth Street, Suite 1050, Minneapolis, MN  55415, for defendant Robert Richard Coleman.

Deborah K. Ellis, **ELLIS LAW OFFICE**, 101 East Fifth Street, Suite 2626, Saint Paul, MN  55101for defendant Danielle Yvonne Coleman.

Daniel L. Gerdts, 247 Third Avenue South, Minneapolis, MN  55415, for defendant Abbas Ateia Al Hussainawee.

William Starr, **STARR LAW OFFICE**, 746 East Mill Street, Wayzata, MN  55391, for defendant James Allen Mrsich.

This criminal case arises from a 22-person fraud conspiracy.  All defendants have pled guilty to various charges, and all but one have been sentenced.  The government now moves for an order of restitution against all defendants under the Mandatory Victims Restitution Act ("MVRA").  Because the government has carried its burden by a preponderance of the evidence, the Court will grant the government's motion in part and order restitution.

## BACKGROUND

From September 2014 to October 2016, twenty-two individuals pled guilty to various counts related to a complex fraud scheme in which the Mustafa Organization trafficked "stolen and fraudulently obtained wireless cellular telephones and tablets."

(Indictment ¶ 1, Aug. 11, 2014, Docket No. 1.)[1,2] From August 2015 to June 2017, all but one defendant were sentenced.[3] The Court determined a specific restitution amount for three of the sentenced defendants at their respective sentencings.[4] For the other eighteen sentenced defendants, restitution was not ordered at their respective sentencings. Instead, restitution was to be ordered in an amount and at a time to be later determined.[5]

---

[1] All record citations are to Case No. 14-261 unless otherwise noted.

[2] (*See* Cederic Chappell Plea Agreement, Sept. 24, 2014, Docket No. 264; Robert Richard Coleman Plea Agreement, Oct. 2, 2014, Docket No. 274; Blanyon Toe Davies Plea Agreement, Oct. 3, 2014, Docket No. 276; Marcus Phillip Coleman Plea Agreement, Oct. 8, 2014, Docket No. 303; Tiara Ligon Plea Agreement, Oct. 15, 2014, Docket No. 309; Marquis Terell Maggiesfield Plea Agreement, Oct. 27, 2014, Docket No. 315; Victor Tombekai Doe Plea Agreement, Oct. 28, 2014, Docket No. 317; Deantre Rickey-Rene Squalls Plea Agreement, Nov. 26, 2014, Docket No. 351; Danielle Yvonne Coleman Plea Agreement, Nov. 26, 2014, Docket No. 352; Yolanda Coombs Plea Agreement, Dec. 16, 2014, Docket No. 360; Ahmed RD Sunoqrot Plea Agreement, Feb. 17, 2015, Docket No. 432; Moises Navarro-Cazales Plea Agreement, Feb. 17, 2015, Docket No. 434; Nizer M. Mustafa Plea Agreement, Feb. 18, 2015, Docket No. 440; Edwan T. Mustafa Plea Agreement, Mar. 2, 2015, Docket No. 467; Talal M. Mustafa Plea Agreement, Mar. 2, 2015, Docket No. 468; Jamal Talal Mustafa Plea Agreement, Mar. 3, 2015, Docket No. 465; Naser Mohamad Mustafa Plea Agreement, Mar. 4, 2015, Docket No. 466; Robert Richard Coleman Plea Agreement, Oct. 2, 2014, Docket No. 274; Danielle Yvonne Coleman Plea Agreement, Nov. 26, 2014, Docket No. 352; Abbas Ateia Al Hussainawee Plea Agreement, Mar. 5, 2015, Docket No. 471; Caswana Miles Plea Agreement, Mar. 5, 2015, Docket No. 473; Bilal Muhammed Mustafa Plea Agreement, Mar. 5, 2015, Docket No. 477; Kanan T. Mustafa Plea Agreement, Oct. 27, 2016, Docket No. 918; James Allen Mrsich Plea Agreement, Mar. 2, 2015, Case No. 15-32, Docket No. 12.)

[3] One defendant, Ahmed RD Sunoqrot, has pled guilty but has not yet been sentenced.

[4] Those three defendants are Jamal Talal Mustafa, Kanan T. Mustafa, and Nizer M. Mustafa. (*See* Jamal Talal Mustafa Sent. J., June 27, 2017, Docket No. 1084; Kanan T. Mustafa Sent. J., June 27, 2017, Docket No. 1086; Nizer M. Mustafa Sent. J., June 30, 2017, Docket No. 1090.)

[5] (Marcus Phillip Coleman Sent. J. at 5, Aug. 17, 2015, Docket No. 595; Blanyon Toe Davies Sent. J. at 5, Aug. 17, 2015, Docket No. 597; Robert Richard Coleman Sent. J. at 5, Aug. 17, 2015, Docket No. 599; Cederic Chappell Sent. J. at 5, Sept. 1, 2015, Docket No. 615; Tiara Ligon Sent. J. at 5, Oct. 9, 2015, Docket No. 642; Victor Tombekai Doe Sent. J. at 5, Oct. 9,

*(footnote continued on next page)*

In June 2017, the government moved for a restitution order against all twenty-one sentenced defendants. (Mot. for Order of Restitution, June 15, 2017, Docket No. 1043; Mot. for Order of Restitution, June 15, 2017, Case No. 15-32, Docket No. 45.)[6] Thirteen defendants oppose the government's motion;[7] eight do not.[8]

---

2015, Docket No. 644; Deantre Rickey-Rene Squalls Sent. J. at 5, Oct. 9, 2015, Docket No. 645; Marquis Terell Maggiesfield Sent. J. at 5, Oct. 9, 2015, Docket No. 646; Yolanda Coombs Sent. J. at 5, Nov. 16, 2015, Docket No. 679; Talal M. Mustafa Sent. J. at 5, Dec. 18, 2015, Docket No. 697; Danielle Yvonne Coleman Sent. J. at 5, Dec. 30, 2015, Docket No. 702; Naser Mohamad Mustafa Sent. J. at 5, Mar. 2, 2016, Docket No. 739; Moises Navarro-Cazales Sent. J. at 5, Mar. 2, 2016, Docket No. 748; Edwan T. Mustafa Sent. J. at 5, Mar. 3, 2016, Docket No. 746; Bilal Muhammed Mustafa Sent. J. at 5, Mar. 18, 2016, Docket No. 771; Caswana Miles Sent. J. at 5, Mar. 18, 2016, Docket No. 773; Robert Richard Coleman Sent. J. at 5, Aug. 17, 2015, Docket No. 599; Danielle Yvonne Coleman Sent. J. at 5, Dec. 30, 2015, Docket No. 702; Abbas Ateia Al Hussainawee Sent. J. at 5, June 23, 2016, Docket No. 820; James Allen Mrsich Sent. J. at 5, Mar. 18, 2016, Case No. 15-32, Docket No. 25.)

[6] The government also seeks restitution from unsentenced defendant Ahmed RD Sunoqrot. Because that defendant has not yet been sentenced, the Court will deny the government's motion without prejudice with respect to defendant Ahmed RD Sunoqrot.

[7] The thirteen defendants who oppose the government's motion are Naser Mohamad Mustafa, Edwan T. Mustafa, Bilal Muhammed Mustafa, Moises Navarro-Cazales, Cederic Chappell, Victor Tombekai Doe, Yolanda Coombs, Caswana Miles, Marquis Terell Maggiesfield, Marcus Phillip Coleman, Robert Richard Coleman, Danielle Yvonne Coleman, and Abbas Ateia Al Hussainawee. (*See* Docket Nos. 1119, 1121, 1122, 1125-1133, 1198.)

[8] The eight defendants who do not oppose the government's motion either did not submit any response to the government's motion, despite a show-cause order issued by the Court to all defendants, (Order to Show Cause, July 7, 2017, Docket No. 1101; Order to Show Cause, July 7, 2017, Case No. 15-32, Docket No. 46), or stated in their response that they do not oppose the government's motion. These eight defendants are Jamal Talal Mustafa, Kanan T. Mustafa, Nizer M. Mustafa, Talal M. Mustafa, Deantre Rickey-Rene Squalls, Blanyon Toe Davies, Tiara Ligon, and James Allen Mrsich.

# DISCUSSION

## I. THE MVRA

The Mandatory Victims Restitution Act ("MVRA") applies to this case. 18 U.S.C. §§ 3663A, 3664. As its name suggests, the MVRA makes restitution mandatory when it applies. The MVRA provides that "the court **shall** order . . . that the defendant make restitution to the victim" of property crimes. *Id.* § 3663A(a)(1), (c)(1)(A)(ii) (emphasis added).

For MVRA purposes, a "victim" is one who is "directly and proximately harmed as a result of the commission of [the] offense," including, for a conspiracy conviction, one who is "directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." *Id.* § 3663A(a)(2). "Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence. The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the attorney for the Government." *Id.* § 3664(e).

## II. THE GOVERNMENT'S MOTION

The government moves for restitution orders against all twenty-one sentenced defendants. To support its motion, the government relies on the facts to which each defendant stipulated in his or her plea agreement and presentence report. Each defendant, having different roles in the conspiracy, is responsible for an amount of restitution based on his or her conduct. *See id.* § 3663A(a)(2). And each of the sentenced defendants has stipulated to an amount of loss applicable to him or her, that is, an amount of loss

reasonably foreseeable to each defendant based on his or her criminal conduct. (*See supra* n.2.)

### A.   Restitution

The government has carried its burden of showing by a preponderance of the evidence that the Court should order restitution. The government has proven that the amount it seeks from each defendant corresponds to the amount of loss suffered by victims directly harmed by each defendant's criminal conduct in the course of the conspiracy. *See* 18 U.S.C. § 3663A(a)(2), (b)(1). Seven sentenced defendants each caused losses to all the victims.[9] These seven defendants are therefore jointly and severally liable for the entire restitution amount. *See id.* § 3664(h). The remaining fourteen sentenced defendants each caused losses to fewer than all the victims. These fourteen defendants are liable in differing amounts to the victims directly harmed by each defendant's criminal conduct in the course of the conspiracy. *See id.* § 3663A(a)(2). For a victim that suffered a loss as a result of multiple defendants' conduct, those defendants

---

[9] These seven defendants are Jamal Talal Mustafa, Kanan T. Mustafa, Naser Mohamad Mustafa, Edwan T. Mustafa, Nizer M. Mustafa, Bilal Muhammed Mustafa, and Talal M. Mustafa. (*See* Jamal Talal Mustafa Plea Agreement; Kanan T. Mustafa Plea Agreement; Naser Mohamad Mustafa Plea Agreement; Edwan T. Mustafa Plea Agreement; Nizer M. Mustafa Plea Agreement; Bilal Muhammed Mustafa Plea Agreement; Talal M. Mustafa Plea Agreement; Jamal Talal Mustafa PSR, Feb. 23, 2017, Docket No. 987; Kanan T. Mustafa PSR, Feb. 1, 2017, Docket No. 958; Naser Mohamad Mustafa PSR, Feb. 23, 2016, Docket No. 727; Edwan T. Mustafa PSR, Feb. 22, 2016, Docket No. 721; Nizer M. Mustafa PSR, June 16, 2017, Docket No. 1060; Bilal Muhammed Mustafa PSR, Mar. 24, 2016, Docket No. 775; Talal M. Mustafa PSR, Nov. 23, 2015, Docket No. 686.)

are jointly and severally liable for that victim's loss. *See id.* § 3664(h). The Court will order that all sentenced defendants pay restitution accordingly.

### B. Delay

Multiple defendants oppose the government's motion on the basis of delay. The MVRA provides:

> If the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, **not to exceed 90 days after sentencing**.

18 U.S.C § 3664(d)(5) (emphasis added). This 90-day time limit is not a limit on the Court's power to order restitution, even if the delay was the fault of the court or the government. *Dolan v. United States*, 560 U.S. 605, 611 (2010); *United States v. Zaic*, 744 F.3d 1040, 1043 (8th Cir. 2014). And if a defendant is "on notice the court would order restitution," a district court that orders restitution after the 90-day deadline has passed does not abuse its discretion. *United States v. Thunderhawk*, 860 F.3d 633, 636 (8th Cir. 2017).

Here, although all the sentenced defendants were sentenced more than 90 days before the government filed its motion, all the sentenced defendants were on notice at the time of their sentencings that the Court would (or at least might) order restitution at a later time. That notice was explicit in the sentencing judgments. Because the sentenced defendants had notice of future restitution orders and the government does not seek restitution greater than the amounts contemplated in the sentenced defendants' plea agreements and presentence reports, granting the government's motion will not violate

the sentenced defendants' Due Process rights. *See Dolan*, 560 U.S. at 616; *Zaic*, 744 F.3d at 1043. Although the Court is concerned by the government's relatively long and unexplained delay, this delay does not foreclose restitution, and the Court will order restitution notwithstanding the delay.[10]

### C. The MVRA's Complexity Provision

Defendant Cederic Chappell opposes the government's motion on complexity grounds. By the MVRA's own terms, it does not apply if the court makes a factual finding that "determining complex issues of fact related to the cause or amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process." 18 U.S.C. § 3663A(c)(3)(B). District courts have discretion in refusing to order restitution pursuant to the MVRA's complexity provision. *United States v. Martinez*, 690 F.3d 1083, 1089 (8th Cir. 2012); *United States v. Oslund*, 453 F.3d 1048, 1063 (8th Cir. 2006).

In the present cases, there are not complex issues of fact to determine because the necessary facts are drawn from the sentenced defendants' plea agreements and presentence reports – facts to which each defendant agreed in his or her individual case.

---

[10] *Dolan* held only that courts retain the **power** to order restitution after the 90-day deadline has passed, not that they still shall. 560 U.S. at 608. It is unclear whether restitution is mandatory under the MVRA when the 90-day time limit has expired but a defendant's Due Process rights are not violated. *Compare Jewell v. United States*, 749 F.3d 1295, 1299 (10th Cir. 2014) ("*Dolan* did not disturb the age-old precept that 'shall' means 'shall.'"), *with Dolan*, 580 U.S. at 611 (concluding that § 3664(d)(5)'s 90-day time limit "is legally enforceable"). The Court need not decide this question because, even if not mandatory, the Court here would exercise its *Dolan*-authorized discretion and order restitution.

### D.     Ability to Pay and Interest

The Court finds that the economic circumstances of each of the twenty-one sentenced defendants do not allow the payment of any amount of a restitution order, and do not allow for the payment of the full amount of a restitution order in the foreseeable future under any reasonable schedule of payments. The Court will therefore order the twenty-one sentenced defendants to make nominal periodic payments not less than twenty dollars ($20) per month. 18 U.S.C. § 3664(f)(3)(B).

The Court also finds that none of the twenty-one sentenced defendants have the ability to pay interest. The Court will therefore waive the interest requirement for each of the twenty-one sentenced defendants. *Id.* § 3612(f)(3).

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Government's Motion for Order of Restitution [Case No. 14-261, Docket No. 1043; Case No. 15-32, Docket No. 45] is **GRANTED-IN-PART and DENIED-IN-PART** as follows:

1.     The Motion is **GRANTED** with respect to defendants Jamal Talal Mustafa, Kanan T. Mustafa, Naser Mohamad Mustafa, Edwan T. Mustafa, Nizer M. Mustafa, Bilal Muhammed Mustafa, Talal M. Mustafa, Moises Navarro-Cazales, Cederic Chappell, Deantre Rickey-Rene Squalls, Blanyon Toe Davies, Victor Tombekai Doe, Yolanda Coombs, Caswana Miles, Tiara Ligon, Marquis Terell Maggiesfield, Marcus Phillip

Coleman, Robert Richard Coleman, Danielle Yvonne Coleman, Abbas Ateia Al Hussainawee, and James Allen Mrsich.

      a.      Pursuant to 18 U.S.C. § 3664(f)(3)(B), each above-named defendant shall make nominal periodic payments not less than twenty dollars ($20) per month.

      b.      Pursuant to 18 U.S.C. § 3612(f)(3), interest for the above-named defendants' restitution orders is waived.

      2.      The Motion is **DENIED without prejudice** with respect to defendant Ahmed RD Sunoqrot.

The Court will issue amended sentencing judgments accordingly.

DATED: February 26, 2018　　　　　　　　_____s/John R. Tunheim_____  
at Minneapolis, Minnesota.　　　　　　　　JOHN R. TUNHEIM  
　　　　　　　　　　　　　　　　　　　　　Chief Judge  
　　　　　　　　　　　　　　　　　　United States District Court